UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CTE ELECTRICAL CONTRACTING,** | Civil Action No. 23-1313 (SDW) (MAH) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **SHELL USA, INC., et al.,** | |
| Defendants. | |

**HAMMER, U.S.M.J.**

This matter comes before the Court upon Defendants Motor Parkway Development Corporation and Steve Keshtgar's motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction or, in the alternative, to transfer this matter to the United States District Court for the Eastern District of New York.  D.E. 13.  Plaintiff CTE Electrical Contracting has not filed opposition or any other response to the motion.  The Honorable Susan D. Wigenton, U.S.D.J., referred this matter to the Undersigned to issue a Report and Recommendation.[1]  The Court has considered this motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons discussed below, the Undersigned respectfully recommends that the District Court dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[1] A decision regarding a motion to remand is dispositive.  *See Thomas v. Vinculum Grp. Ltd.*, No. 15-3194, 2015 WL 13504683, at *1 (D.N.J. Dec. 23, 2015) (stating Magistrate Judges may submit Reports and Recommendations to the district court on motions to dismiss).  Accordingly, this Court addresses Defendants' motions via Report and Recommendation.

## I. BACKGROUND

Plaintiff filed this matter on March 8, 2023. Compl., Mar. 8, 2023, D.E. 1. The Complaint raises three state-law causes of action – breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment – against five defendants. *Id.* ¶¶ 2-6, 22-39. According to the Complaint, Plaintiff CTE Electrical Contracting ("CTE") is "located and conducing business in the County of Suffolk, State of New York." *Id.* ¶ 1. The five defendants are as follows:

> (1) Shell USA, Inc., "a corporation with a place of business located at 150 N. Dairy Ashford Road, STE A, Houston, TX 77002;"
>
> (2) BP, PLC, "a corporation with a place of business located at 501 Westlake Park BLVD. Houston, TX 77079;"
>
> (3) Motor Parkway Development Corporation, "a corporation with a place of business located at 260 Motor Parkway, Brentwood, County of Suffolk, State of New York;"
>
> (4) Steve Keshtgar, "an individual residing in the County of Suffolk, State of New York;" and
>
> (5) 7-Eleven, Inc., "a corporation with a place of business at 211 N. Ervay, Dallas, TX 75201." *Id.* ¶¶ 2-6.

Plaintiff alleges that in May 2022, Defendant Keshtgar requested that Plaintiff purchase, on behalf of the Defendants, three generators for a total cost of $42,648.94 which were delivered to Defendants' business addresses. *Id.* ¶¶ 9-11. Cooper Electric delivered the generators to the Defendants' businesses. *Id.* ¶ 11. Plaintiff informed Defendants that it could install the generators, but would require an advance payment of the $42,648.94 bill. *Id.* ¶ 11. The Complaint further alleges that after a significant delay, the Defendants notified Plaintiff that they did not need the generators. *Id.* ¶¶ 12-13. By that time, however, Plaintiff's window for

2

returning the generators had expired. *Id.* ¶ 13. According to the Complaint, the Defendants have refused to reimburse Plaintiff for the cost of the generators. *Id.* ¶¶ 15-16. Plaintiff asserts that it has "suffered damages in the amount of over $42,000.00 for the purchase of the generators. There are other damages that are to be computed." *Id.* ¶ 21.

On May 10, 2023, Defendants Keshtgar and Motor Parkway Development Corporation moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2), arguing that the Court lacks subject matter jurisdiction over this action and personal jurisdiction over Defendants. Mot. to Dismiss, May 10, 2023, D.E. 13. In the alternative, those Defendants move to transfer this matter to the United States District Court for the Eastern District of New York. Plaintiff's opposition was due by May 22, 2023 but, as noted above, Plaintiff has failed to respond.

## II.     DISCUSSION & ANALYSIS

Federal courts are courts of limited jurisdiction and have original jurisdiction over all cases arising under federal law or where the parties are completely diverse and the amount in controversy exceeds $75,000. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418, 420 (3d Cir. 2010). When faced with a motion to dismiss for lack of subject matter jurisdiction, a court must consider whether it has jurisdiction to hear plaintiff's claim. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A factual attack challenges the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Constitution*

*Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Conversely, a facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). Here, Defendants facially attack Plaintiff's pleading because Defendants contend that Plaintiff has failed to adequately establish subject matter jurisdiction in its pleadings without disputing the facts alleged in the Complaint. *See* Br. in Support, D.E. 13-1, at 1-2. Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

Diversity jurisdiction under 28 U.S.C. § 1332(a) arises in civil actions between "citizens of different States" where the amount in controversy exceeds $75,000.[2] A plaintiff asserting federal subject matter jurisdiction via diversity of citizenship in a case involving multiple defendants "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (requiring complete diversity of the parties); *Gay v. Unipack, Inc.*, Civ. No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (quoting *Am. Motorists Ins. Co. v. Am. Emps.' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979)). Said differently, complete diversity requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419 (first citing *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546,

---

[2] Plaintiff fails to allege the basis for this Court's jurisdiction in its Complaint. *See generally*, Compl., D.E. 1. Because Plaintiff's claims relate to an alleged breach of contract between private parties and do not raise a question of federal law, the Court can only assume that the basis for this Court's jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and not federal question jurisdiction under § 1331.

4

553 (2005); and then citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009)).

Plaintiff filed the instant action, asserting state-law claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. Compl., D.E. 1. Thus, Plaintiff, as the party invoking this Court's jurisdiction, bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

At the outset, the Complaint fails to properly allege the citizenship of the corporate parties. Section 1332(c)(1) requires Plaintiff to allege not just each corporate party's principal place of business, but also its place of incorporation. *See* 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."); *see also Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 515 (D.N.J. 2000) (noting that corporations have dual citizenship for diversity purposes – their place of incorporation and principal place of business). The Complaint fails to do that. The Complaint pleads only each corporation's principal place of business.

According to the Complaint, Plaintiff is a corporation with its place of business in New York. Compl., D.E., ¶ 1. The Complaint also alleges that Defendant Motor Parkway Development Corporation is a corporation with its place of business in New York. *Id.* ¶ 4 (pleading that "defendant Motor Parkway Development Corporation is a corporation with a place of business located at 260 Motor Parkway, Brentwood, County of Suffolk, State of New York"). Accepting the allegations in the Complaint as true, it is apparent that Plaintiff and Defendant

5

Motor Parkway Development Corporation are both citizens of the State of New York. *See Gould Elecs., Inc.*, 220 F.3d at 177; Compl., D.E. 1, ¶¶ 1, 4. Thus, the Undersigned must conclude that complete diversity is lacking, and jurisdiction under § 1332(a) does not exist, because Plaintiff shares the same state of citizenship as one of the named Defendants.[3]

The Undersigned concludes that the Complaint does not plead, nor has Plaintiff established, complete diversity of citizenship, and therefore will recommend that the District Court dismiss the action pursuant to Rule 12(b)(1).

### III.     RECOMMENDATION

For the foregoing reasons, the Undersigned respectfully recommends that this matter be dismissed for lack of subject matter jurisdiction.[4] The parties have fourteen days to file and

---

[3]   Even if Complaint had adequately pleaded diversity of citizenship, including each corporation's state of incorporation, it is far from clear that the amount in controversy exceeds $75,000. *See In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017) ("A plaintiff asserting diversity jurisdiction bears the burden of demonstrating that the amount in controversy exceeds $75,000."). Plaintiff alleges that it is entitled to $42,648.94 in damages based on the total cost of the generators it purchased for Defendants. *See* Compl., ¶¶ 9-11. The Complaint also asserts that Plaintiff is entitled to statutory damages, but fails to explain the basis for such an award, given that the three causes of action all are based in common law. And as Plaintiff has failed to oppose the motion, it has not presented an argument or evidence that the amount in controversy exceeds $75,000. *See Suber v. Kontinental Koaches, Inc.*, 104 F.3d 578, 583 (3d Cir. 1997) (stating that once a defendant challenges the sufficiency of a plaintiff's amount in controversy, "the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims."). Having determined that the Complaint fails to plead diversity of citizenship, however, the Court need not reach this issue.

[4]   It is within this Court's discretion to decide in which order to address questions of subject matter and personal jurisdiction based on notions of judicial economy and federalism. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586-588 (1999). Plain issues regarding subject matter jurisdiction should "impel the federal court to dispose of that issue first." *Id*. at 588; see also *Est. of Ruffu ex rel. Jensen Beach Marine Ctr., Inc. v. Collier*, No. 06-3531, 2008 WL 801274, at *4 (D.N.J. Mar. 20, 2008) (court need not address a defendant's other grounds for dismissal where the court determines it lacks subject matter jurisdiction over the matter). Thus, because subject matter jurisdiction is clearly lacking here, this Court need not reach the issue of personal jurisdiction. Even if the Court did reach the issue of personal jurisdiction, Plaintiff's failure to

6

serve any objections to this Report and Recommendation. L. Civ. R. 72.1(c)(2).

*s/ Michael A. Hammer*  
**Hon. Michael A. Hammer**  
**United States Magistrate Judge**

**Dated**: May 30, 2023

---

rebut Defendants' arguments that this Court lacks personal jurisdiction over the Defendants would be fatal to Plaintiff's Complaint. *See Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 213 (D.N.J. 2020) (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004)) (stating that at "no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction").